# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 10, 2020      Decided October 23, 2020

No. 19-1235

DAVIDSON HOTEL COMPANY, LLC, (CHICAGO MARRIOTT AT
MEDICAL DISTRICT/UIC),
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

UNITE HERE LOCAL 1,
INTERVENOR

---

Consolidated with 19-1259

---

On Petition for Review and Cross-Application for
Enforcement of an Order of
the National Labor Relations Board

---

*Mark W. DeLaquil* argued the cause for petitioner. With
him on the briefs were *Peter G. Fischer* and *Renee M. Knudsen*.

*Kellie Isbell*, Senior Attorney, National Labor Relations
Board, argued the cause for respondent. With her on the brief
were *Usha Dheenan*, Supervisory Attorney, *Peter B. Robb*,
General Counsel, *Ruth E. Burdick*, Acting Deputy Associate

General Counsel, and *David Habenstreit*, Assistant General Counsel.

*Richard Treadwell* argued the cause for intervenor. With him on the brief was *Paul L. More*. *Kristin L. Martin* entered an appearance.

Before: ROGERS and RAO, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: Davidson Hotel Company petitions for review of the National Labor Relations Board's decision that Davidson committed unfair labor practices by refusing to bargain with a union in two Board-certified units. Davidson challenges the Board's certification of the two units. The Board cross-petitions for enforcement of its order. Because the Board did not distinguish its precedents, we grant the petition for review, deny the cross-application for enforcement, and remand to the Board.

The National Labor Relations Act, 29 U.S.C. § 157, protects the right of employees "to bargain collectively through representatives of their own choosing[.]" The Act empowers the Board to "decide in each case . . . the unit appropriate for the purposes of collective bargaining[.]" 29 U.S.C. § 159(b). To make this determination, the Board applies what it calls the community-of-interest standard. *PCC Structurals, Inc.*, 365 N.L.R.B No. 160, *6-7 (2017). First, the Board determines whether the employees in the petitioned-for unit share a community of interest. *Id.*; *Blue Man Vegas, LLC v. NLRB*, 529 F.3d 417, 421 (D.C. Cir. 2008) (citing *NLRB v. Action Auto., Inc.*, 469 U.S. 490, 494 (1985)). Second, the Board determines

whether the proposed unit "share[s] a community of interest sufficiently distinct from employees excluded from the proposed unit to warrant a separate appropriate unit[.]" *PCC Structurals, Inc.*, 365 N.L.R.B. at *9. Many factors are considered, ranging from organizational structure to the terms and conditions of employment. *Id.* at *6 (listing the traditional factors); *see also Sundor Brands, Inc. v. NLRB*, 168 F.3d 515, 518 (D.C. Cir. 1999); *United Operations, Inc.*, 338 N.L.R.B. 123, 123 (2002). The Board is not required to pick the *most* appropriate unit – only *an* appropriate one. *Dean Transp., Inc. v. NLRB*, 551 F.3d 1055, 1063 (D.C. Cir. 2009) (quoting *Serramonte Oldsmobile, Inc. v. NLRB*, 86 F.3d 227, 236 (D.C. Cir. 1996)). But the Board's discretion is not unlimited. *NLRB v. Tito Contractors, Inc.*, 847 F.3d 724, 729 (D.C. Cir. 2017).

Davidson operates the Chicago Marriott at Medical District/UIC, a relatively small full-service hotel providing dining, banquet, and other services. Three groups of employees are at issue here: those at the front desk, those in housekeeping, and those handling food and beverage. The union, UNITE HERE Local 1, initially petitioned the Board's Chicago Regional Office to certify a single bargaining unit composed of housekeeping and food and beverage employees. The union's proposed unit did not include the front desk employees. The Regional Director declined to certify the unit. Walking through the traditional community-of-interest factors, the Regional Director found "that the interests of front desk employees . . . are not sufficiently distinct from the interests of employees in the petitioned-for unit to warrant establishment of a separate unit." J.A. 231. In his conclusion, the Regional Director briefly suggested that separate units would be appropriate. J.A. 232, n.11.

Taking the cue, the union filed two new petitions the next day to certify a unit of housekeeping employees and a separate

unit of food and beverage employees. As before, the union excluded the front desk employees. The Regional Director again applied the community-of-interest standard to the newly proposed units. The Regional Director then certified the two units as appropriate and directed elections. Shortly thereafter, the employees in each unit voted in favor of the union.

Davidson complained to the Board that the Regional Director had departed from Board precedents and the precedent set in the first unit decision in this case. Request for Review, 3-4, 13-14, 25-28, NLRB Case No. 13-RC-217487 (Sept. 11, 2018). The Board rejected Davidson's contentions by a 2-1 vote explaining that its petition "raise[d] no substantial issues warranting review." J.A. 542-43. To obtain judicial review of the certifications, Davidson refused to bargain.[1]

The well-worn standard is that the court will "review the Board's factual conclusions for substantial evidence, defer to [the Board's] rules if they are rational and consistent with the Act, and uphold the Board's application of law to facts unless arbitrary or otherwise erroneous." *Dean Transp., Inc.*, 551 F.3d at 1060 (quoting *Harter Tomato Prods. Co. v. NLRB*, 133 F.3d 934, 937 (D.C. Cir. 1998)) (internal quotation marks omitted). "A decision of the Board that departs from established precedent without a reasoned explanation is arbitrary." *NLRB v. Sw. Reg'l Council of Carpenters*, 826 F.3d 460, 464 (D.C. Cir. 2016)

---

[1] "[R]epresentation proceedings before the Board are not subject to direct judicial review because they do not result in a final agency order, and an employer seeking review of the record in a representation proceeding must refuse to bargain with the union, and suffer an unfair labor practice charge[.]" *Alois Box Co. v. NLRB*, 216 F.3d 69, 76 (D.C. Cir. 2000) (quoting *Wackenhut Corp. v. NLRB*, 178 F.3d 543, 548 (D.C. Cir. 1999)) (internal quotation marks and original brackets omitted).

(quoting *Comau, Inc. v. NLRB*, 671 F.3d 1232, 1236 (D.C. Cir. 2012)) (internal quotation marks omitted).

The Board must explain its reasoning when certifying bargaining units. *LeMoyne-Owen College v. NLRB*, 357 F.3d 55, 60-61 (D.C. Cir. 2004). In *LeMoyne-Owen College*, the Board certified a bargaining unit of full-time faculty over the College's objections that the Regional Director had ignored precedent addressing the same facts. *Id.* at 58-60. In granting the College's petition for review and remanding to the Board, this court pointed out that "the Regional Director . . . did not discuss or even mention a single one of the precedents on which the College relied." *Id.* at 60. Neither did the Board in either of its terse orders denying review. *Id.* When "a party makes a significant showing that analogous cases have been decided differently, the agency must do more than simply ignore that argument." *Id.* at 61. Rather, the Board must explain its departure. *Id.* "The need for an explanation is particularly acute when an agency is applying a multi-factor test through case-by-case adjudication." *Id.*

Here we face a similar situation. Neither the Regional Director nor the Board distinguished contrary Board precedents or the Regional Director's first decision in this case. *See Ramada Beverly Hills*, 278 N.L.R.B. 691, 691-92 (1986) (explaining differences with a prior decision regarding the same hotel). The previous unit decision by the same Regional Director was sufficiently analogous that it should have been distinguished or otherwise addressed – at least when the Regional Director and Board were presented with the argument that the first decision required rejection of the union's later petitions. *See* Request for Review, 13-14, NLRB Case No. 13-RC-217487 (Sept. 11, 2018); *id.* Ex. 7, 13-14, 85-86 (Hr'g Tr., Apr. 9, 2018). Yet the Regional Director never mentioned the prior decision beyond incorporating the record and stating that

"the petitioned-for unit in the instant case is different[.]"  J.A. 305 n.5, 325 n.5.  The Regional Director did not explain why the same factors that counseled against excluding the front desk in the first decision did not govern the second petitions as well. *See* J.A. 231 (listing the shared conditions among the employee groups).

We do not say that the Board cannot reach a different conclusion in the second unit determination.  But the Board must explain why the balance of those factors differed from the factors considered in the Regional Director's first decision.[2] Otherwise, the court "is left to attempt to discern for itself which factual differences might have been determinative, without guidance from the agency, and to assess whether making such distinctions controlling is rational or arbitrary, again without any agency explanation of why particular factors make a difference." *LeMoyne-Owen College*, 357 F.3d at 61.

In addition, the Board failed to cite – let alone distinguish – a single contrary precedent even though Davidson cited several Board precedents that rejected separate units of hotel employees under similar circumstances.[3]  Despite that showing,

---

[2] The Board and the union provided some explanation in their briefs in this court, Red Br., 39-41, Green Br., 35-37, and at oral argument, 36:33-37:22 (counsel for the union).  But the explanation must come from the Board itself.  *See Burlington Truck Lines, Inc v. United States*, 371 U.S. 156, 168-69 (1962); *Erie Brush & Mfg. Corp. v. NLRB*, 700 F.3d 17, 23 (D.C. Cir. 2012).

[3] Davidson relied most heavily on *Ramada Beverly Hills*, 278 N.L.R.B. 691 (1986), in which the Board rejected separate units for hotel employees relying on the same community-of-interest factors. *See* Request for Review, 25-28, NLRB Case No. 13-RC-217487 (Sept. 11, 2018); *id.* Ex. 6, 236-42 (Hr'g Tr., Mar. 14, 2018); *id.* Ex. 7, 89 (Hr'g Tr., Apr. 9, 2018).  Davidson also relied on *Atlanta Hilton &*

there is no paragraph, sentence, citation, or footnote that distinguishes these decisions. Under *LeMoyne-Owen College*, this failure is fatal. *See id.*

We should not be understood as requiring the Board to distinguish every case cited to it by a party. *See id.* at 60; *see also Sw. Reg'l Council of Carpenters*, 826 F.3d at 464 (quoting *Lone Mountain Processing, Inc. v. Sec'y of Labor*, 709 F.3d 1161, 1164 (D.C. Cir. 2013)). To say otherwise would be to hold the Board to a higher standard than we hold ourselves. Nor is there a specific way that the Board must explain its prior decisions. *See, e.g.*, *Hilton Hotel Corp.*, 287 N.L.R.B. 359, 359-60 n.3 (1987) (distinguishing cases in text and footnotes); *W. Lodging Corp.*, 287 N.L.R.B. 1291, 1292 n.1 (1988) (distinguishing cases in a footnote). We simply reiterate that when faced with contrary precedent directly on point, the Board must distinguish it.[4]

For the foregoing reasons, we grant the petition for review, deny the Board's cross-application for enforcement, and remand to the Board for further proceedings consistent with this opinion.

*So ordered.*

---

*Towers*, 273 N.L.R.B. 87 (1984). See *id.* Ex. 6, 236 (Hr'g Tr., Mar. 14, 2018).

[4] Because we grant the petition for review on this ground, we do not address Davidson's other challenges to the Board's decision.